FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 1 5 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
Richard LUGO,

           Petitioner,

-against-

UNITED STATES OF AMERICA,

           Respondent.
----------------------------------------------------------------x

ORDER

15-cv-5649 (NG)

**GERSHON, United States District Judge:**

Petitioner Richard Lugo, proceeding *pro se*, moves pursuant to 28 U.S.C. § 2255 to reinstate his direct appeal following his criminal conviction on the grounds that ineffective assistance of appellate counsel deprived him of the right to have his appeal perfected by competent appellate counsel. Specifically, petitioner alleges that the brief filed by appellate counsel Uzmah Saghir was in fact written by an inmate who is not an attorney—Christopher Reese—and that Ms. Saghir, in addition to allowing a non-attorney inmate to draft a brief she filed, failed to conduct an investigation and review the record in his case. Assuming that the allegation is truthful,[1] petitioner is unable to establish that he was prejudiced by counsel's deficient performance. Because I find that the petition must be denied even if the allegations regarding Ms. Saghir and Mr. Reese are true, I find it unnecessary to hold a hearing regarding those allegations.

Additionally, petitioner argues that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015), holding that the residual clause of the Armed Career Criminal

---

[1] I note that Ms. Saghir was disbarred on May 24, 2011 for, *inter alia*, accepting money from an inmate to represent him, doing no legal work on his behalf, and sharing legal fees with an unidentified non-lawyer inmate to compensate him in part for his "legal work." *In re Uzmah Saghir*, 86 A.D.3d 121, 124 (2d. Dep't, 2011).

1

Act is unconstitutionally vague, invalidates both his conviction for violating 18 U.S.C. § 924(c) and his sentence as a career criminal. As will be addressed more fully below, these arguments are without merit.

I.  **Background**

On July 26, 2005, petitioner was convicted after a jury trial of murder in aid of racketeering, conspiracy to commit murder in aid of racketeering, and use of a firearm in furtherance of a crime of violence. He was sentenced to a mandatory term of life imprisonment on the murder charge, a ten-year term on the conspiracy to commit murder charge, and a consecutive ten-year term on the use of a firearm in furtherance of a crime of violence charge. He appealed his conviction, and the Second Circuit affirmed via summary order in *United States v. Lugo*, 251 Fed. App'x 695 (2d Cir. 2007), *cert. denied*, 553 U.S. 1047 (2008).

On appeal, petitioner was initially represented by Marilyn Reader, Esq., who, on September 25, 2006, filed an appellate brief on his behalf. That brief argued that the evidence at trial was insufficient to support his conviction for murder in aid of racketeering and that the court erred in admitting a custodial statement he made to a law enforcement officer. As described in the Second Circuit's decision disbarring her, in January of 2007, Uzmah Saghir moved to replace Ms. Reader as Lugo's appellate counsel and requested leave to file a supplemental brief on his behalf. *In re Saghir*, 595 F.3d 472, 474–75 (2d Cir. 2010). That motion was granted, but Saghir failed to file a brief. After a message was left for her by a case manager, Saghir filed a new motion, requesting that the Court disregard prior counsel's brief and allow the filing of a new brief. That motion was also granted, but Saghir again failed to file a brief, and failed to respond to the Court's attempts to contact her prior to argument of the appeal. At oral argument, Saghir stated that her failure to submit a new brief was "due to [her] own incompetence." The Court granted Saghir leave to file a

2

new brief, and Saghir subsequently complied by timely filing a supplemental brief—the brief that is now alleged to have been written by an inmate.

The brief that Saghir filed argued that venue was improper with respect to the murder in aid of racketeering charge and that Lugo's trial counsel was ineffective because she had failed to raise a venue challenge. Lugo also submitted a *pro se* brief, arguing that the court erred in instructing the jury. When the Second Circuit affirmed Lugo's conviction, it considered the arguments raised in each of the three briefs filed on his behalf—the Reader brief, the Saghir brief, and Lugo's own *pro se* brief—and found all the arguments presented therein to be without merit.

Lugo then filed a *habeas* petition pursuant to 28 U.S.C. § 2255, arguing that both his trial and appellate counsel were ineffective in a number of ways. That petition was denied on December 12, 2014. *Lugo v. United States*, 09-cv-0696 (NG), 2014 WL 7140456 (Dec. 12, 2014). In addressing Lugo's arguments about the ineffectiveness of appellate counsel, I found that "Saghir's representation of petitioner on appeal—including her failure to timely file a brief on petitioner's behalf and keep him apprised of his appeal—unquestionably fell below the objective standard of reasonableness required by *Strickland*." *Id.* at *19. Nevertheless, petitioner was unable to establish "that counsel's actions caused him any prejudice" because the Second Circuit considered the arguments raised in each of the three briefs filed on his behalf and found them to be without merit, and because Lugo could not identify a potentially meritorious argument for reversal that counsel failed to raise. *Id.* at *20.

In denying the petition, I certified, pursuant to 28 U.S.C. § 1915(a), that any appeal from the order would not be taken in good faith and therefore no Certificate of Appealability should issue. Lugo then moved for reconsideration, and his motion for reconsideration was denied on

3

January 21, 2015. On February 2, 2015, Lugo moved in the Second Circuit for a Certificate of Appealability.

While Lugo's motion for a Certificate of Appealability was pending in the Circuit, on April 29, 2015, an inmate named Christopher Reese sent an unsworn letter to this court. (*Lugo v. United States*, 09-cv-0696 (NG) at Docket No. 55.) The letter stated, in sum and substance, that Reese had an ongoing professional relationship with Saghir in that he would refer inmates to her, she would be retained by them and obtain case files, provide the files to Reese, Reese would prepare any briefs to be filed, and Saghir would file them. Saghir would not review the case files or the briefs herself. Specifically, regarding Lugo's case, Saghir provided Reese with a copy of the opening brief filed by former appellate counsel, a copy of the trial transcripts and other materials which she had not herself reviewed. Because Saghir had already missed several deadlines, Reese was under extreme time pressure to complete the brief and he drafted it without reviewing the entire transcript or relevant materials. Saghir did not review the brief, but filed it.[2]

The Second Circuit denied Lugo's motion for a Certificate of Appealability and dismissed his appeal on September 15, 2015. Thereafter, on September 29, 2015, Lugo filed the instant petition, his second § 2255 *habeas* petition, relying on Reese's letter to argue that he was deprived of his right to an appeal because he was not represented by an attorney. On September 30, 2015, I transferred Lugo's second *habeas* petition to the Second Circuit as a "second or successive" petition. On November 30, 2015, Lugo filed a motion seeking to vacate the judgment against him, pursuant to Fed. R. Civ. P. 60(b), under his original *habeas* docket number, 09-cv-0696.

---

[2] Once again, I do not find it necessary to reach the issue of whether these allegations are true. Rather, I assume that they are true for purposes of this decision.

By order dated December 7, 2015, the Second Circuit transferred the instant petition back to this court, concluding that "second or successive" treatment was unwarranted because the first petition—09-cv-0696—had not yet become final before the second petition was filed in that the deadline to obtain a writ of *certiorari* had not yet lapsed. On March 9, 2015, I denied the Rule 60(b) motion in the 09-cv-696 matter because it did not attack the integrity of the *habeas* proceeding, but attacked only the underlying criminal conviction, and I set a briefing schedule for the 15-cv-5649 petition. The government opposed Lugo's second petition by letter dated April 29, 2016, and Lugo replied on May 27, 2016. After the government's opposition was filed, on May 25, 2016, the court received an affirmation from Christopher Reese swearing to the allegations in his letter under penalty of perjury. (*Lugo v. United States*, 09-cv-0696 (NG) at Docket No. 59.)

## II. The Instant Petition

### A. Petitioner is required to demonstrate that appellate counsel's ineffectiveness resulted in prejudice.

The first question raised by the instant petition is whether Lugo is required to demonstrate that Saghir's ineffectiveness in filing a brief drafted by a non-lawyer without reviewing it or the record resulted in any prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Castro v. United States*, 993 F. Supp.2d 332, 347 (E.D.N.Y. 2014). In denying Lugo's first petition, I determined that Saghir was ineffective, but held that Lugo was not prejudiced because another attorney had filed an appellate brief on his behalf which the Second Circuit considered, and because there was no merit to any of the arguments he believed should have been raised. While the Reese affirmation—taken as true—certainly lends further support to the argument that Saghir was ineffective, it does not raise any new issue as to prejudice, nor does it in any way impugn the Reader brief, which was filed by competent appellate counsel on petitioner's behalf and considered by the Court in denying his appeal.

Lugo argues, however, that he is not required to make a showing of prejudice because he seeks only the restoration of his direct appeal, the constitutional right to which was denied to him when his appellate counsel filed a brief written by a non-lawyer. Every criminal defendant is afforded the right to counsel on direct appeal. *McHale v. United States*, 175 F.3d 115, 118 (2d Cir. 1999). If counsel is ineffective in failing to file a notice of appeal or failing to perfect an appeal, a petitioner is not required to "demonstrate the merit of a hypothetical appeal" in order to restore his direct appeal. *Id.* To require petitioner to do so would undermine the right to counsel on direct appeal by forcing the petitioner to litigate the hypothetical merits of his direct appeal in the first instance on a *habeas* petition, where he is not afforded the right to counsel. *Id.* The "failure to file an appeal or failure to perfect an appeal deprives the defendant of more than a fair judicial proceeding; that deficiency deprives the defendant of the appellate proceeding altogether." *Carranza v. United States*, 794 F.3d 237, 241 (2d Cir. 2015). Therefore, where counsel completely forfeits the appellate proceeding, "prejudice will be presumed" and the "defendant is entitled to a new appeal without showing that his appeal would have likely merit." *Id.* (quoting *Campusano v. United States*, 442 F.3d 770, 773 (2d Cir. 2006)).

Lugo cannot avail himself of this line of cases because Lugo was not completely deprived of his appeal. A Notice of Appeal was filed, the appeal was perfected, three briefs were filed, including one that was authored by a competent attorney, and the Second Circuit rendered a decision on the merits. Therefore, Lugo cannot take advantage of this narrow exception to the *Strickland* standard, and he must demonstrate that counsel's ineffectiveness prejudiced him.

### B. Petitioner is unable to demonstrate prejudice.

Lugo argues that Saghir's ineffectiveness deprived him of the opportunity to raise certain arguments on appeal. In the instant petition, Lugo argues that: (1) he would have challenged the

court's finding, by a preponderance of the evidence, that the petitioner was liable for the discharge of a firearm, which raised his mandatory minimum sentence from five to ten years and (2) that counsel did not adequately investigate and prepare for his appeal. In his reply to the government's opposition, Lugo adds that he also would have argued on appeal that: (3) trial counsel was ineffective for failing to move to suppress the custodial statement; and (4) there was an error in the jury instructions as to the "continuity of the enterprise" element.

The first claim was raised and rejected in petitioner's 2009 *habeas* petition. *Lugo*, 2014 WL 7140456 at *20–21 (holding that *Alleyne v. United States*, 133 S.Ct. 2151 (2013) was not applicable retroactively on collateral review and that there was no constitutional error even if it was, because the jury found, beyond a reasonable doubt, that petitioner was guilty of murder and therefore would have found that "under either aiding or abetting or *Pinkerton* liability, [the petitioner] discharged a firearm"). Because this argument is meritless, Saghir's failure to raise it on appeal was not prejudicial.

Lugo's second example of prejudice was also raised in his first *habeas* petition, and rejected because he was unable to point to "a potentially meritorious ground for reversal of his conviction" and therefore he "cannot show that, but for counsel's errors, there is a reasonable probability that the result of his direct appeal would have been different." *Lugo*, 2014 WL 7140456 at *20.

Lugo's third argument is that appellate counsel should have argued that trial counsel should have moved to suppress a post-arrest statement. In his original *habeas* petition, Lugo argued that his trial counsel was ineffective for failing to move to suppress that statement. In denying Lugo's first petition, I addressed this argument at length and rejected it because Lugo could not "show a reasonable probability that the verdict would have been different—*i.e.*, that he would have been

acquitted on any of the charges—had the post-arrest statements been suppressed" since the statements "were largely exculpatory." *Id.* at **10–13. Had this ineffectiveness argument been made on appeal, it would have been subject to the same standard and would have failed for the same reason, and therefore appellate counsel's failure to raise it was not prejudicial.

Lugo's final argument—that he was prejudiced by appellate counsel's failure to argue that the jury was improperly instructed as to the continuity of enterprise requirement—is incorrect because there was no error in the jury instructions. Petitioner argues that the court erroneously instructed the jury that the government was required to prove only that the criminal enterprise existed throughout the period in the indictment, when a proper instruction would have been that a criminal enterprise does not exist unless it is "ongoing"—meaning that it must still exist at the time of trial. (Pet. Reply at 5.) At trial, I charged the jury as follows:

> To establish that an enterprise existed, the government must prove beyond a reasonable doubt that there was, in fact, during the period charged in the indictment, a group of individuals described in the indictment characterized by (1) a common or shared purpose of engaging in a particular course of conduct; (2) an ongoing and continuing formal or informal organization or structure; and (3) core personnel who functioned as a continuing unit during the period charged in the indictment.

That charge is correct, and closely tracks the language proposed in the leading treatise on jury instructions:

> An enterprise also includes a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. 3 Sand et al., *Modern Federal Jury Instructions*, § 52–4 (2013).

Petitioner interprets the second element, an ongoing and continuing formal or informal organization or structure, to mean that the enterprise must still be ongoing *at the time of the trial.*

8

This interpretation would mean that, if a criminal enterprise existed, and the government arrested and charged every person involved in it—thus ending the criminal enterprise—no defendant could be convicted because the enterprise would no longer be ongoing. Petitioner's interpretation is incorrect, and the jury instructions were proper. Therefore, appellate counsel's failure to argue for reversal based on the challenged instruction was neither ineffective nor prejudicial.

### C. Petitioner's arguments regarding *Johnson v. United States*

The Armed Career Criminal Act of 1984 increases the sentence for possession of a firearm by a felon to 15 years to life if the offender has three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1). A "violent felony" is defined to include:

> "any crime punishable by imprisonment for a term exceeding one year ... that—
> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> "(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**." § 924(e)(2)(B) (emphasis added).

The emphasized portion is known as the "residual clause," and, in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015), the Supreme Court held that this "residual clause" was unconstitutionally void for vagueness. In *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016), the Supreme Court held that *Johnson* applied retroactively on collateral review.

In his reply memorandum, petitioner raises two issues that he claims arise from *Johnson*— (1) that for sentencing purposes, he should not have been placed in Criminal History Category VI as a career offender; and (2) that his conviction under 18 U.S.C. § 924(c) should also be vacated under *Johnson*. Since these arguments are clearly without merit, it is unnecessary for the government to respond, and I address these arguments here despite the fact that petitioner raised them for the first time on reply.

The first argument is easily resolved—petitioner was not sentenced under 18 U.S.C. § 924(e)(2)(B) and therefore *Johnson* is inapplicable to his sentence. Petitioner conflates the Armed Career Criminal Act with the United States Sentencing Guidelines. Petitioner was sentenced as a career offender, per Guideline 4B1.1, because he had two prior felony convictions for crimes of violence. Tr. of Sentencing, 01-cr-922 (NG), (July 22, 2005) at 23:25–24:3 ("I believe there's no dispute that the defendant is a career offender, based upon his criminal history category six). While it is true that the definition of a "crime of violence" in the Sentencing Guidelines includes an identically worded residual clause to the one struck down in *Johnson*, the Supreme Court has clarified that, unlike the Armed Career Criminal Act, "the advisory Guidelines do not fix the permissible range of sentences" and therefore "the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Beckles v. United States*, 580 U.S. ___, 137 S.Ct. 886, 892 (2017).

As for petitioner's second argument, petitioner was convicted of violating 18 U.S.C. § 924(c)(1)(A)(iii), which provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years." This provision defines "crime of violence" differently from the Armed Career Criminal Act:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

**(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Petitioner is not the first to argue, in the wake of *Johnson*, that subsection (B) of this provision is impermissibly vague. In *United States v. Hill*, 832 F.3d 135, 145–50 (2d Cir. 2016), the Second Circuit addressed this argument and held that the second clause, the "risk of force" clause, is not void for vagueness. Therefore, *Johnson* has no impact on either petitioner's convictions or his sentence.

## CONCLUSION

For the reasons discussed above, Lugo's petition for a writ of *habeas corpus* is DENIED. Since petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* relief is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment for respondent.

**SO ORDERED.**

Dated: June 14, 2017
Brooklyn, New York

/s/ Nina Gershon

**NINA GERSHON**
**United States District Judge**